NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1213

RENATA MARCINKOWSKA,

Plaintiff-Appellant,

v.

IMG WORLDWIDE, INC.,

Defendant-Appellee,

and

DEL CAMPO SAATCHI & SAATCHI,

Defendant-Appellee.

Renata Marcinkowska, of Rock Hill, South Carolina, pro se.

Vaibhav P. Kadaba, Kilpatrick Stockton LLP, of Atlanta, Georgia, for defendant-appellee IMG Worldwide, Inc. With him on the brief was Lauren T. Estrin.

H. Sam Mabry, III, Haynsworth Sinkler Boyd, P.A., of Greenville, South Carolina, for defendant-appellee Del Campo Saatchi & Saatchi. With him on the brief was Christopher B. Major. Of counsel on the brief was Steven E. Lewis, Dunnington, Bartholow & Miller LLP, of New York, New York.

Appealed from: United States District Court for the District of South Carolina

Judge Joseph F. Anderson, Jr.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1213

RENATA MARCINKOWSKA,

Plaintiff-Appellant,

v.

IMG WORLDWIDE, INC.,

Defendant-Appellee,

and

DEL CAMPO SAATCHI & SAATCHI,

Defendant-Appellee.

Appeal from the United States District Court for the District of South Carolina in case no. 0:07-CV-1214, Judge Joseph F. Anderson, Jr.

_____

DECIDED:  August 20, 2009

_____

Before LOURIE and RADER, <u>Circuit Judges</u>, and CLARK, <u>District Judge</u>.[*]

PER CURIAM.

I.

The United States District Court for South Carolina dismissed Plaintiff-Appellant

Renata Marcinkowska's Amended Complaint for patent infringement of U.S. Patent No.

6,814,669 (the "'669 patent", titled "Dual Surface for Sport Event or Game") for lack of

_____

[*] The Honorable Ron Clark, District Judge, United States District Court for the Eastern District of Texas, sitting by designation.

personal jurisdiction under Rule 12(b)(2) against Defendant-Appellee Del Camp Saatchi & Saatchi ("S&S") and for failure to state a claim under Rule 12(b)(6) against Defendant-Appellee IMG Worldwide, Inc. ("IMG"). Because the district court did not err in these rulings, this court affirms.

II.

This action arises from the staging of a tennis match in Mallorca, Spain, on May 2, 2007, known as "The Battle of the Surfaces" ("the Match"). The Match featured the player who was then regarded as the world's best tennis player on a grass tennis court surface, Roger Federer (also then ranked as the world's number one male tennis player), competing against the player who was then regarded as the world's best tennis player on a clay tennis court surface, Rafael Nadal (also then ranked as the world's number two male tennis player). The Match was played on a tennis court that had a grass surface on one side of the net and a clay surface on the other side. This dual-surfaced tennis court was constructed at the site of the match in Mallorca. Nadal prevailed 7-5, 4-6, and 7-6 (12-10).

On May 1, 2007, one day before the Match was played, Ms. Marcinkowska, a resident and citizen of South Carolina and a former professional tennis player, commenced an action against S&S, an advertising agency based in Argentina, and IMG, a sports marketing and management company incorporated in Ohio. Ms. Marcinkowska alleged that IMG and S&S infringed her '669 patent. Her patent claimed different tennis court surfaces on each side of the net. '669 patent, col.4 ll.54-57. Ms. Marcinkowska also alleged claims under the Lanham Act and unfair trade practices and civil conspiracy under South Carolina law.

On February 25, 2008, S&S filed a Rule 12(b)(2) motion to dismiss the Amended Complaint for lack of personal jurisdiction. IMG simultaneously moved under Rule 12(b)(6) to dismiss the Amended Complaint for failure to state a claim for which relief can be granted. On December 29, 2008, the district court granted both motions, entered a final judgment, and dismissed the Amended Complaint with prejudice.

On February 4, 2009, Ms. Marcinkowska filed a letter motion to reopen the case, which the district court treated as a Rule 60(b) motion for relief from final judgment. On February 10, 2009, the district court denied Ms. Marcinkowska's motion.

Ms. Marcinkowska appeals the district court's final judgment and denial of her motion for relief from final judgment. This court has jurisdiction under 28 U.S.C. § 1295(a)(1).

III.

This court reviews the grant of a dismissal under Rules 12(b)(2) and 12(b)(6) by applying the law of the regional circuit. Phonometrics, Inc. v. Hospitality Franchise Sys., Inc., 203 F.3d 790, 793 (Fed. Cir. 2000). The Court of Appeals for the Fourth Circuit reviews de novo a dismissal for lack of personal jurisdiction, Koehler v. Dodwell, 152 F.3d 304, 307 (4th Cir. 1998), and reviews any underlying factual findings for clear error. In re Celotex Corp., 124 F.3d 619, 627 (4th Cir. 1997). The Fourth Circuit also reviews de novo a district court's order granting a 12(b)(6) motion to dismiss. Parrington v. Am. Int'l Specialty Lines Ins. Co., 443 F.3d 334, 338 (4th Cir. 2006).

A.

Ms. Marcinkowska appeals the district court's finding that S&S is not subject to personal jurisdiction in that court under Rule 12(b)(2). The constitutional test for personal jurisdiction has two related components: the minimum contacts inquiry and the fairness inquiry. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980). Due process requires that a non-resident defendant have certain minimum contacts with the forum such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945). The assertion of personal jurisdiction satisfies due process if "the defendant purposely avails itself of the privilege of conducting activities within the forum state," Hanson v. Denckla, 357 U.S. 235, 253 (1958), such that the defendant "should reasonably anticipate being haled into court there," World-Wide Volkswagen, 444 U.S. at 297. South Carolina courts have construed South Carolina's long-arm statute, S.C. Code Ann. § 36-2-803 (Supp. 2007), to reach the limits of due process. See Cockrell v. Hillerich & Bradsby Co., 611 S.E.2d 505, 508 (S.C. 2005).

Personal jurisdiction over an out-of-state defendant takes the character of either "general" or "specific." "Specific" jurisdiction means that a cause of action arises out of or is related to a defendant's activities in the forum state. "General" jurisdiction arises from a defendant's "continuous and systematic" activities in the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415-16 (1984).

The district court found no general jurisdiction over S&S in this case due to a lack of evidence of any systematic or continuous contacts with South Carolina. S&S is a business located in Argentina, with no property, offices, or business in South Carolina.

See Marcinkowska v. IMG Worldwide, Inc., No. 0:07-cv-1214, slip op. at 5 (D.S.C. Dec. 29, 2008) ("Order").

The court also found no specific jurisdiction in this case because: (1) the Amended Complaint contained insufficient facts alleging an intentional tort (i.e., patent infringement) in South Carolina; (2) Ms. Marcinkowska initiated the email correspondence with S&S regarding licensing of the '669 patent, which did not discuss any infringement of the patent; (3) S&S did not enable third parties in South Carolina to infringe the '669 patent; and (4) under Rule 4(k) of the Federal Rules of Civil Procedure, Ms. Marcinkowska did not show that the court's exercise of jurisdiction would be "consistent with the Constitution and laws of the United States." Order at 5-7 (citing Base Metal Trading v. Ojsc Novokuznetsky Aluminum Factory, 283 F.3d 208, 215 (4th Cir. 2002)).

Because Ms. Marcinkowska shows no clear error in the district court's factual findings regarding general and specific jurisdiction, this court affirms the court's ruling that S&S is not subject to personal jurisdiction in the State of South Carolina.

B.

Ms. Marcinkowska appeals the district court's finding under Rule 12(b)(6) that the Amended Complaint failed to state a claim for: (1) patent infringement, (2) violation of the Lanham Act, and (3) unfair trade practices and civil conspiracy under South Carolina law for which relief may be granted against IMG. The patent laws of the United States "do not, and were not intended to, operate beyond the limits of the United States." Brown v. Duchesne, 60 U.S. 183, 195 (1856). The court found that IMG did not make, use, sell, or offer for sale the subject matter of the '669 patent in the United

States. Ms. Marcinkowska contended that IMG used the '669 patent in the United States by maintaining a globally accessible website that promoted the tennis exhibition in Spain, utilized depictions of the hybrid tennis court, promoted ticket sales in the United States to the foreign event, and enabled the download of photographs and videos of the match. Ms. Marcinkowska also argued that IMG used the '669 patent by controlling the overall broadcast rights to the exhibition, broadcasting in the United States, promoting its own services through depictions of the hybrid tennis court, and receiving compensation from the exhibition.

The district court found that Ms. Marcinkowska's allegations spread the term "use" too thin. Order at 8. Continuing, the court stated:

> As a practical matter, the exhibition promoted on the internet and televised throughout the world was held on a tennis court built and housed in the Kingdom of Spain, and it was this Spanish tennis court that provided the playing surface for the "Battle of the Surfaces" exhibition over which IMG and other entities obtained trademarks, advertised, and licensed broadcast rights throughout the world. In this case, the hybrid tennis court was not "used" in the United States - it was "used" in Spain and that use was broadcast in the United States.

Id. Accordingly, the district court properly granted IMG's motion to dismiss Ms. Marcinkowska's patent infringement claims, which were not tied to any infringing activities in the United States.

The district court dismissed Ms. Marcinkowska's Lanham Act claim under Rule 12(b)(6) for failure to provide an allegation of a false designation of the origin of a good or service. A false advertising claim under 15 U.S.C. § 1125(a)(1)(B) requires that the plaintiff establish:

> (1) the defendant made a false or misleading description of fact or representation of fact in a commercial advertisement about his own or another's product; (2) the misrepresentation is material, in that it is likely to

influence the purchasing decision; (3) the misrepresentation actually deceives or has the tendency to deceive a substantial segment of its audience; (4) the defendant placed the false or misleading statement in interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products.

Scotts Co. v. United Indus. Corp., 315 F.3d 264, 272 (4th Cir. 2002) (citing 15 U.S.C. § 1125(a)(1)(B)). This particular section of the Lanham Act prohibits false advertising in connection with the name, description, or origin of "goods or services" in the United States. Ms. Marcinkowska based her argument on the website for the exhibition that stated: "the idea for the hybrid court 'began with an idea by Pablo Del Campo, president of Del Campo Saatchi & Saatchi.'" Order at 10. United States Patents and Trademarks do not protect "ideas" – they protect novel, nonobvious, and useful inventions and marks associated with goods or services. Because Ms. Marcinkowska's Lanham Act claim was built on the alleged misstatement that another party originated the "idea" for the hybrid tennis court and was not based on false advertising in connection with any name, description, or origin of Ms. Marcinkowska's "goods or services" in the United States, the district court properly granted IMG's motion to dismiss this claim.

The district court dismissed under Rule 12(b)(6) Ms. Marcinkowska's unfair trade practices and civil conspiracy claims under South Carolina law. Because the district court properly found that Ms. Marcinkowska's Amended Complaint did not allege facts that, if proved, constituted a scheme to infringe the '669 patent and violate the Lanham Act in the United States, the court properly dismissed these claims as well.

For the foregoing reasons, the final judgment of the district court is affirmed.

AFFIRMED.

## COSTS

No costs.